HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLIE Y. CHENG, | |
| Petitioner, | CASE NO. C12-1577RAJ |
| v. | ORDER |
| MAGGIE MILLER-STOUT, | |
| Respondent. | |

This matter comes before the court on the Report and Recommendation ("R&R") of the Honorable James P. Donohue, United States Magistrate Judge, Petitioner Charlie Y. Cheng's objections to the R&R, and several motions Petitioner filed after he filed his objections. For the reasons stated herein, the court ADOPTS the R&R (Dkt. # 26), DENIES Petitioner's objection (Dkt. # 28), GRANTS Petitioner's motion to excuse his overlength objection (Dkt. # 33), and DENIES Petitioner's remaining motions (Dkt. ## 32, 37). The clerk shall DISMISS this habeas petition and enter judgment for Respondent. The court further adopts the R&R's recommendation that the court not issue a certificate of appealability.

The clerk shall ensure that Judge Donohue receives a copy of this order.

**A.     The Court Adopts the R&R.**

The court need not add to the R&R's thorough discussion of Petitioner's claim for habeas relief. Petitioner's objection does not convince the court that the R&R erred in any respect in assessing his claims.

ORDER – 1

1    Petitioner's objection is too long.  It is 37 pages long (to say nothing of the 7-page
2    "supplement" (Dkt. # 30) that Petitioner filed), whereas this District's local rules permit
3    only a 12-page objection.  After Respondent pointed out the length of the objection,
4    Petitioner filed a motion requesting either that the court excuse the overlength objection
5    or grant him leave to amend his objection (presumably for the purpose of shortening it).
6    The court excuses Petitioner's overlength objection.  The court has considered not only
7    the overlength objection, but Petitioner's later "supplement" and his "reply" (Dkt. # 35).

**B.    The Court Denies Petitioner's Motion to Amend.**

After he filed his objections, Petitioner filed a motion to amend his habeas petition.  He sought leave to add a claim based on an alleged *Brady* violation and to "add newly discovered evidence" supporting his ineffective assistance of counsel claim.

As to the *Brady* violation, Petitioner first raised that claim at the same time he raised a claim for relief based on his assertion that an unqualified interpreter translated his testimony at trial.  As the R&R discusses, Petitioner did not properly exhaust the claim with regard to the interpreter.  For the same reasons, he did not properly exhaust the *Brady* claim.

As to his claim of newly discovered evidence supporting his ineffective assistance of counsel claim, the court has reviewed both the motion to amend and the 115-page "supplement" (Dkt. # 34) to that motion that Petitioner later filed.  Petitioner fails to establish that any of the evidence he proffers is "newly discovered," and in any event, the evidence contained in the 115-page supplement would not lead to a different conclusion as to Petitioner's ineffective assistance claim.

Because it would be futile to grant it, the court denies Petitioner's motion to amend.

ORDER – 2

**C.     The Court Denies Petitioner's Motion for an Evidentiary Hearing.**

Petitioner requests an evidentiary hearing. He makes that request in part to present his claim based on the unqualified interpreter. Because he did not exhaust that claim, he may not present it in this forum by evidentiary hearing or otherwise.

The remainder of his request for an evidentiary hearing seeks to relitigate portions of his trial (*e.g.*, his alibi for one of the incidents, and issues relating to whether one of his victims suffered from a prolapsed uterus). Petitioner had a full and fair opportunity to develop those facts in the trial court, and the court therefore declines to hold an evidentiary hearing. *See Deere v. Cullen*, 718 F.3d 1124, 1148 (9th Cir. 2013) (describing factors guiding district court's discretion in holding an evidentiary hearing).

DATED this 28th day of March, 2014.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 3